**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| THE HOUSE OF THE LORD OUR GOD, and CARLTON TAYLOR, )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE CITY OF GARY, INDIANA, )<br><br>Defendant. ) | CAUSE NO. 2:06-CV-275 TS |

**OPINION AND ORDER**

Carlton Taylor, a *pro se* plaintiff and the minister of The House of the Lord Our God, filed a civil rights complaint. Mr. Taylor is suing the City of Gary because of its stated intention to destroy part (or all) of the City Methodist Church located on Washington Street in Gary. Along with the Complaint, Mr. Taylor submitted an Application to Proceed without Prepayment of Fees.

When a plaintiff wishes to proceed *in forma pauperis*, Title 28 U.S.C. § 1915(e)(2)(B)(ii) directs the courts to examine not only the plaintiff's financial situation, but also the subject matter of the complaint. If the complaint clearly fails to state a claim on which relief may be granted, the court must dismiss the case. *See* § 1915(e)(2)(B)(ii).

Mr. Taylor states that he wants to restore the church and prevent the city from desecrating the temple and destroying the tabernacle. He claims that the destruction of this church will burden the practice of his religion and discriminate against him. Mr. Taylor alleges that the City is violating his First Amendment rights because it will not seriously discuss God's plan of restoration with him and has not included him in the "106 process" as a consulting party. He states that the mayor has told him that it will be hard for him to get the church, and that the city has refused to turn over the property to him. Mr. Taylor claims that the church is his rightful inheritance in the promised land.

Mr. Taylor does not own the church property located on Washington Street in Gary and, therefore, has no standing to bring this lawsuit. "[S]tanding encompasses the general prohibition on a litigant's raising another person's legal rights." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (quotation mark omitted). Though he may feel a kindred fellowship toward this former Methodist Church and though he may believe that he is its rightful religious heir, without at least an alleged claim to legal title for this property, Mr. Taylor lacks standing to assert a legal claim for it.

Furthermore, "the First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance." *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). That is to say, the Constitution does not obligate the City of Gary to seriously consider or discuss his renovation plans. Neither does it obligate it to include him as a consultant in its planning.

For the foregoing reasons, the *in forma pauperis* petition is **DENIED** and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED on August 22, 2006.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT